JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHANGSHENG CHEN, et al. | ) | NO. CV 16-2392 FMO (MRWx) |
| Plaintiffs, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) | |
| Defendants. | ) | |

Rule 4(m) of the Federal Rules of Civil Procedure requires the summons and complaint to be served on all defendants no later than 90 days after the filing of the complaint.[1] In this matter, the Complaint was filed on April 7, 2016.

On July 7, 2016, plaintiff was ordered to show cause on or before July 13, 2016, why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and Complaint on defendants as required by Rule 4(m). (See Dkt. 9, Court's Order of July 7, 2016). As of the filing date of this Order, plaintiffs have not responded to the order to show cause. (See, generally, Dkt.). The court docket does not disclose any proof of service, nor any attempts at service. (See, generally, id.).

---

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

## **DISCUSSION**

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, a federal district court has the authority to <u>sua sponte</u> dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. <u>See</u> Fed. R. Civ. P. 4(m); <u>see</u> also <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001). The burden of establishing good cause is on the plaintiff. <u>See</u> <u>In re Sheehan</u>, 253 F.3d at 512. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1065 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Colwell v. Bannister</u>, 763 F.3d 1060 (9th Cir. 2014); <u>see</u> also <u>Townsel v. Cnty. of Contra Costa</u>, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

Given the Court's Order of July 7, 2016, it is clear that plaintiffs have been advised of their obligation to effect service of process within the Rule 4(m) deadline, and that they were placed on notice that dismissal of this action might result if they failed to complete service of process within the Rule 4(m) deadline. <u>See</u> <u>Song v. Obama</u>, 2016 WL 1569078, *1 (9th Cir. 2016) ("The district court did not abuse its discretion by sua sponte dismissing Song's action because Song failed to effect proper service of the summons and complaint and did not demonstrate good cause for failing to serve, despite being given notice and an opportunity to do so."). It has now been almost four months since plaintiffs filed their Complaint, and plaintiffs have yet to serve defendants. Nor have plaintiffs requested an extension of time to serve defendants. Instead, it appears that plaintiffs have abandoned this action, thereby warranting dismissal of the action.

Based on the foregoing, IT IS ORDERED THAT Judgment be entered dismissing this action, **without prejudice**, for failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 18th day of July, 2016.

/s/
Fernando M. Olguin
United States District Judge